# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL J. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-1149-MLB |
| ) | |
| WICHITA HOUSING AUTHORITY , ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION
## OF DENIAL OF IFP STATUS

Plaintiff Daniel J. Alexander filed his federal court Complaint on May 29, 2007, alleging employment discrimination against the Wichita Housing Authority, City of Wichita, Kansas. (Doc. 1.)  He also filed an "Application for Leave to File Action Without Payment of Fees, Costs, or Security" (IFP application) with a supporting financial affidavit. (Doc. 2, sealed.)

**I.**     *In Forma Pauperis* **Status.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application.  *See id.*  There is a liberal policy

toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See* **Yellen v. Cooper**, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his affidavit, Plaintiff, who is 58 years old, states he is separated and has no dependents. He does not indicate, as requested, the name, age, address, and telephone number of his spouse. He lists current employment with "Liberty Property's," but provides no address or telephone number for his employer, as requested. He lists a healthy monthly income, but states his employer does not provide health insurance. He also has received income from the U.S. Air Force during the past 12 months, which he lists as "10% disability." He does not, as requested, list the amount of money he received from this source during the past 12 months.

Plaintiff owns a home with approximately $30,000.00 in equity and has two

modest vehicles, which he owns outright. He lists a small amount of cash on hand. His affidavit includes reasonable monthly obligations including his mortgage, utilities, insulin, and automobile insurance. He also lists estimated monthly expenses for groceries and gasoline, which appear somewhat high, in the Court's opinion. Finally, he includes two other debts, both of which require him to make manageable monthly payments.

Even without calculating the unknown amount of money Plaintiff has received from the U.S. Air Force during the past 12 months, his net income exceeds his listed monthly expenses by more than $700.00 based on the information he has provided to the Court. Therefore, considering all of the information provided by Plaintiff, the Court has no choice but to determine that Plaintiff is capable of paying the requisite filing fee. Under these circumstances, the undersigned Magistrate Judge recommends that Plaintiff's motion for *IFP* status be **DENIED**.[1]

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

## II.      Application of 28 U.S.C. § 1915.

Assuming that Plaintiff will proceed with this case by tendering the required filing fee, the Court must then consider whether dismissal is required under 28 U.S.C. § 1915.[2] Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellman**, 935 F.2d 1106, 1108 (10th Cir. 1991).

Here, Plaintiff is not a prisoner as defined in 28 U.S.C. § 1915(h).  However, courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114

---

[2] The Tenth Circuit has concluded that Section 1915 applies even where the plaintiff has ultimately paid the filing fee. *See e.g.,* **Fogle v. Pierson,** 435 F.3d 1252, 1258 (10th Cir. 2006).

F.3d 601, 608 (6th Cir. 1997).  The Court will therefore apply the screening procedure outlined in § 1915(e)(2).

In determining whether dismissal is appropriate under § 1915(e)(2), the pleadings of a *pro se* litigant are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys.  This does not mean, however, that the court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).

The broad reading of a plaintiff's complaint does not relieve the burden of alleging sufficient facts to give the opposing party fair notice of the basis of the claim against it so that it may respond or to allow the court to conclude that the allegations, if proved, show plaintiff is entitled to relief.  **Hall**, 935 F.2d at 1110; *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473 (10th Cir. 1989).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.

In reviewing the allegations of Plaintiff's Complaint, the Court is mindful

that *pro se* litigants are held to a less stringent standard of review and that *sua sponte* dismissals are generally disfavored. Nonetheless, after reviewing Plaintiff's complaint (Doc. 1) and construing his allegations liberally, if the court finds that Plaintiff has failed to state a claim upon which relief may be granted, it should recommend that the action be dismissed.

It is well settled that a plaintiff must exhaust his administrative remedies before bringing suit under Title VII and the KAAD.[3] ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of a charge of discrimination with the EEOC is a prerequisite to this court's jurisdiction. ***Jones v. Runyon***, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996); ***Shikles v. Sprint/United Management Co.,*** 426 F.3d 1304, 1317 (10th cir. 2005). It appears that Plaintiff has exhausted his administrative remedies, as he indicates he has received his "right to sue" letter from the "Kansas Commission, Civil Rights." When filing his federal court Complaint, Plaintiff used the general "Civil Complaint" form. He did not use the "Civil Complaint Pursuant to Title VII of the Civil Rights Act of 1964 . . .," the

---

[3] In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the failure to exhaust administrative remedies, *sua sponte* only under circumstances in which it is "'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" ***Fratus v. Deland***, 49 F.3d 673, 675 (10th Cir. 1995) (quoting ***Yellen v. Cooper***, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also* ***Trujillo v. Williams***, 465 F.3d 1210, 1216-17 (10th Cir. 2006); ***Fogle v. Pierson***, 435 F.3d 1252, 1258 (10th Cir. 2006).

standard complaint form in employment discrimination cases. Had Plaintiff done so, he would have been directed to include the date he filed his administrative charges of discrimination and attach his "right to sue" letter to his form Complaint. Without these instructions, Plaintiff understandably failed to provide this information. Even so, it is necessary for Plaintiff to provide this information to the Court and to Defendant.

Plaintiff's Complaint is also devoid of any factual description as to how he was allegedly discriminated against and by whom. On the form used by Plaintiff, he is instructed to provide a "short and plain statement of his claim." (Doc. 1, at pg. 3.) The instructions clearly state that this is to include "what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)." In this section, Plaintiff simply states "Wichita Housing Authority denied my rights Civil and Equal Rights of Employment." On the next page, he lists the following reasons why he is entitled to damages: "1. denied retirement, 2. denied employment, 3. denied insurance." (*Id*. at pg. 4.)

Under the Federal Rules of Civil Procedure, a Complaint generally need not plead detailed facts. Fed. R. Civ. P. 8(a). A Complaint is adequate if it gives the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-

1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  However, Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

      While the information provided by Plaintiff indicates to some extent the general nature of his complaints, it fails to state when or by whom his rights were allegedly violated.  Although a plaintiff need not plead the facts or legal theories of his claims with particularity, he must provide sufficient detail so that the defendant can frame an answer.  Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by *in forma pauperis* plaintiffs. Here, Plaintiff provides only the most vague description of the alleged facts supporting his claim against Defendant.  For example, he does not indicate if, or when, he was employed by Defendant, or how, or by whom, he was allegedly "denied" retirement, employment, and/or health insurance.  There is simply no information in Plaintiff's Complaint that would allow the Court to determine if Defendant owed Plaintiff some type of duty and when, or by whom, this duty may have been violated.

If Plaintiff tenders the appropriate filing fee in order to continue this case, Plaintiff is ORDERED to file a supplement to his Complaint that will clarify the details of his Complaint so as to put Defendant on notice of its alleged wrongful conduct, as well as to provide the Court with sufficient detail to ensure the claims are not frivolous.  In so doing, Plaintiff should attempt to describe approximately when, where and how the Defendant and/or its representatives violated his rights, and what rights were violated.  Plaintiff should include the date he filed his administrative charge of discrimination and provide a copy of his "right to sue" letter.  This supplement shall be filed on or before **July 9, 2007.**  If Plaintiff fails to supplement his Complaint by this date, it may result in a recommendation to the District Court that his case be immediately dismissed.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS FURTHER ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact,

conclusions of law, or recommendations of the magistrate judge.  Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS FURTHER ORDERED** that if Plaintiff tenders the filing fee in order to continue this case, Plaintiff be given until **July 9, 2007**, within which to file an Amended Complaint to address the deficiencies in his initial Complaint as outlined in this Order.

Dated at Wichita, Kansas, on this 19th day of June, 2007.

   s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge